**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01773-REB-BNB

MAINES PAPER & FOOD SERVICE, INC., a corporation,

    Plaintiff,

vs.

WILLIAM SAVIER, an individual, and
MEADOWBROOK MEAT COMPANY, INC., d/b/a MBM CORPORATION, a corporation.

    Defendants.

---

**AMENDED STIPULATED PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Amended Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    **2.**    As used in this Amended Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the common law and statutory privacy interests of: (a) Plaintiff Maines Paper & Food Service, Inc.; (b) Defendant William Savier; and (c) Defendant Meadowbrook Meat Company, Inc., including confidential, proprietary, trade secret, financial, or personal information. Information designated "ATTORNEY'S EYES ONLY" shall be information that is confidential and implicates the same common law and statutory privacy interests described above, but is also information that the designating party deems so competitively sensitive that it should not be learned by the party's competitors. Any information designated by a party as CONFIDENTIAL or ATTORNEY'S EYES ONLY must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL or ATTORNEY'S EYES ONLY is based on a good faith belief that the information "is confidential or otherwise entitled to protection." *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000). CONFIDENTIAL and ATTORNEY'S EYES ONLY information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      ATTORNEY'S EYES ONLY information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a.   the parties' attorneys that are actively working on the case;

   b.   persons regularly employed or associated with the parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in the case;

   c.   expert witnesses and consultants retained in connection with this proceeding,

      to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

   d. the Court and its employees ("Court Personnel");

   e. stenographic reporters who are engaged in proceedings necessarily incident to the conduct in this action; and

   f. other persons, by written agreement of the parties,

  5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. the parties' attorneys that are actively working on this case;

   b. persons regularly employed or associated with the parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

   c. the parties, including designated representatives for the Plaintiff and Defendants;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

   e. Court Personnel;

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. deponents, witnesses, or potential witnesses; and

      h.    other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL or ATTORNEY'S EYES ONLY information to any person listed above (other than the parties' counsel, persons employed by the parties' counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Amended Stipulated Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Amended Stipulated Protective Order and agrees to be bound by its provisions. A copy of the written acknowledgment is attached hereto. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

**7.** Documents are designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or "ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER."

**8.** Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEY'S EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY, and shall be subject to the provisions of this Amended Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or ATTORNEY'S EYES ONLY after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Whenever a party inadvertently fails to designate any information as CONFIDENTIAL or ATTORNEY'S EYES ONLY, that party may correct such failure by giving written notice to the other party(ies). Upon such written notification, the corrected materials shall only be deemed CONFIDENTIAL or ATTORNEY'S EYES ONLY prospectively. Substitute copies of the corrected information shall be appropriately marked and given to the other party(ies) as soon as they become available. Within ten (10) days of receipt of the substitute copies, the party(ies) receiving the CONFIDENTIAL or ATTORNEY'S EYES ONLY information shall return the previously unmarked information or destroy it.

10. A party may object to the designation of particular CONFIDENTIAL or ATTORNEY'S EYES ONLY information by giving written notice to the party that designated the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEY'S EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Amended Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY under the terms of this Amended Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEY'S EYES ONLY, and shall not thereafter be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY in accordance with this Amended Stipulated Protective Order.

In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEY'S EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY shall be returned to the party that designated it as CONFIDENTIAL or ATTORNEY'S EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or ATTORNEY'S EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL or ATTORNEY'S EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. The parties agree and stipulate that every person who obtains CONFIDENTIAL or ATTORNEY'S EYES ONLY information is prohibited from using or disclosing said information for any purpose whatsoever, except as necessary to assist in the conduct of this litigation.

13. Nothing in this Amended Stipulated Protective Order shall require the disclosure of information that is otherwise not subject to discovery, is privileged, or constitutes attorney work product. Nothing in this Amended Stipulated Protective Order shall prejudice any objections that a party might have regarding the production of information. Nothing in this Amended Stipulated Protective Order shall be construed as an agreement that any CONFIDENTIAL or ATTORNEY'S EYES ONLY information shall be excluded from evidence.

**14.** Neither a party's designation of information as CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Amended Stipulated Protective Order, nor a party's failure to make or object to such designation, shall be admissible in evidence as a party admission or otherwise to prove any fact relevant to any claim or defense.

**15.** The restrictions on use of CONFIDENTIAL or ATTORNEY'S EYES ONLY information set forth in this Amended Stipulated Protective Order shall survive the conclusion of this litigation.

**16.** This Amended Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated February 21, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

## ACKNOWLEDGEMENT

I hereby acknowledge that I have been advised of the terms of the Amended Stipulated Protective Order entered in *Maines Paper & Food Service, Inc. v. William Savier and Meadowbrook Meat Company, Inc.*, Civil Action No. 1:12-cv-01773, pending in the United States District Court for the District of Colorado, have been provided with a copy of said Amended Stipulated Protective Order, have read and understand said Amended Stipulated Protective Order, agree to be bound by and to comply with the terms of said Amended Stipulated Protective Order, and agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of said Amended Stipulated Protective Order.

Dated: _____

_____

Printed Name:_____

Relationship to Lawsuit:_____

Address:_____

_____

_____

Telephone:_____

So Stipulated:

| | |
|---|---|
| *s/ Steven M. Gutierrez* | *s/Todd A. Fredrickson* |
| Steven M. Gutierrez | Todd A. Fredrickson |
| Bradford J. Williams | Ruth N. Mackey |
| Holland & Hart LLP | Fisher & Phillips LLP |
| 555 17th Street, Suite, 3200 | 1999 Broadway, Suite 3300 |
| Denver, Colorado, 80201-8749 | Denver, Colorado 80202 |
| Phone: (303) 295-8531 (Gutierrez) | Phone: (303) 218-3650 |
| Phone: (303) 295-8121 (Williams) | tfredrickson@laborlawyers.com |
| sgutierrez@hollandhart.com | rmackey@laborlawyers.com |
| bjwilliams@hollandhar.com | |
| | ATTORNEYS FOR DEFENDANTS |
| ATTORNEY FOR PLAINTIFF | |